IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

JESSIE RAY WILLIAMS PLAINTIFF

v. Civil No. 1:25-cv-01081-SOH-SGS

LPN PAT MILLER; and
JAIL ADMINISTRATOR JOHNNY GUY DEFENDANTS

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, Jessie Ray Williams filed this action *pro se* and *in forma pauperis* pursuant to 42 U.S.C. § 1983. Currently before the Court is Plaintiff's failure to prosecute.

The case was directly assigned to the undersigned Magistrate Judge; however, because not all parties to the action have consented to the jurisdiction of the undersigned, and this document will be dispositive of Plaintiff's claims, this document will be filed as a Report and Recommendation and the case will automatically be reassigned to United States District Judge Susan O. Hickey. *See* 28 U.S.C. § 636(c); Rule 73 of the Federal Rules of Civil Procedure, and General Order 2024-02.

## I. BACKGROUND

Plaintiff initially filed his Complaint on October 28, 2025, along with a Motion to Proceed *in forma pauperis* ("IFP"). (ECF Nos. 1-2). The Court granted Plaintiff IFP status on the same day. (ECF No. 3). In the Order granting IFP status, Plaintiff was specifically advised:

> **If Plaintiff is transferred to another jail or prison or released, he shall have 30 days from the date of transfer or release in which to notify the Court of his new address . . . Failure to inform the Court of an address change shall result in the dismissal of this case**.

(ECF No. 3) (emphasis in original).

Defendant Pat Miller filed a Motion to Dismiss on December 3, 2025. (ECF No. 14). In this Motion, Defendant asserts Plaintiff failed to state a claim upon which relief can be granted, and his Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 14).

The Court entered an Order, on December 4, 2025, directing Plaintiff to respond to Defendant Miller's Motion to Dismiss by December 26, 2025. (ECF No. 16). Plaintiff was advised that failure to respond would result in the dismissal of this action. *Id.* This Order was not returned as undeliverable mail and Plaintiff failed to respond.

On December 29, 2025, the Court entered an Order to Show Cause directing Plaintiff to show cause why he failed to respond to the Court's December 4, 2025 Order. (ECF No. 17). Plaintiff's response was due on December 29, 2025. *Id.* This Order to Show Cause was not returned as undeliverable mail and Plaintiff failed to respond.

Plaintiff has not communicated with the Court, in this case, since filing his Complaint on October 28, 2025. (ECF No. 1). Even though he filed a new case in this Court on November 6, 2025, *see Williams v. Slaughter, et al.,* Civil No. 1:25-cv-01082-SGS, and filed a Response to a pending Motion for Judgment on the Pleadings in a third case he has pending in this Court on December 1, 2025, *see Williams v. Hustman, et al*., Civil No. 1:25-cv-01047.

## II. DISCUSSION

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Local Rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her

> address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Furthermore, a dismissal pursuant to Rule 41(b) operates as an adjudication on the merits unless it is otherwise specified. Fed R. Civ. P. 41(b); *Brown*, 806 F.2d at 803. In considering a Rule 41(b) dismissal, the Court must balance: (1) "the degree of [Plaintiff's] egregious conduct;" (2) the adverse impact of the conduct on the Defendants; and (3) the Court's ability to administer justice. *Rodgers v. Curators of University of Missouri*, 135 F.3d 1216, 1219 (8th Cir. 1998) (internal quotations omitted). In *Rodgers*, the Eighth Circuit provides the standard the Court must consider before dismissing with prejudice for failure to prosecute:

> Dismissal with prejudice is an extreme sanction and should be used only in cases of willful disobedience of a court order or . . . persistent failure to prosecute a complaint. [The Court must consider] . . . whether in the particular circumstances of the case, the needs of the court in advancing a crowded docket and preserving respect for the integrity of its internal procedures are sufficient to justify the harsh consequences of forever denying a litigant of his day in court. However, the [Court] need not [find] that appellant acted in bad faith, only that he acted intentionally as opposed to accidentally or involuntarily.

*Id.*

As evidenced by the docket, Plaintiff has failed to comply with the Court's Orders, and he has failed to prosecute this matter. However, the Court does not find dismissal with prejudice is warranted here. Accordingly, the Court recommends Plaintiff's Complaint be dismissed without prejudice for failure to comply with the Court's Orders.

## III. CONCLUSION

Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court hereby recommends Plaintiff's Complaint (ECF No. 1) be **DISMISSED WITHOUT PREJUDICE**.

**REFERRAL STATUS: The referral in this case shall be terminated.**

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

**DATED this 6th day of February 2026.**

/s/ Spencer G. Singleton
HON. SPENCER G. SINGLETON
UNITED STATES MAGISTRATE JUDGE